**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4593**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERARDO ALVARADO ALVARADO, a/k/a El Gato,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:05-cr-00354-NCT)

———————

Submitted:  October 18, 2007          Decided:  October 22, 2007

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William T. Peregoy, THE LAW OFFICE OF WILLIAM T. PEREGOY, Wilmington, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerardo Alvarado Alvarado appeals from his 315-month total sentence imposed following his guilty plea to conspiracy to distribute cocaine and conspiracy to launder money. Alvarado's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the district court's determination of the extent of the downward departure for substantial assistance, USSG § 5K1.1.[*] Alvarado filed a pro se brief challenging his sentence. Our review of the record discloses no reversible error; accordingly, we affirm Alvarado's conviction and sentence.

Counsel argues that the district court abused its discretion in determining the extent of the departure because the court believed that it was limited by the government's suggestion of an appropriate range. We find that the district court was aware of its discretion to determine an appropriate departure and that its determination of a departure amount in the middle of the range suggested by the government was reasonable. See United States v. Pearce, 191 F.3d 488, 493 (4th Cir. 1999).

In his pro se brief, Alvarado contends that the district court erred in determining his sentence by applying offense level 43, rather than 41, as was recommended by the probation officer, and thus, the departure sentence should also be lower. We find no

---

[*]U.S. Sentencing Guidelines Manual § 5K1.1 (2005 & Supp. 2006).

merit to these contentions. The offense level of 41 was stated in an earlier version of the presentence report, which was corrected because of the erroneous offense level. The revised presentence report correctly noted that Alvarado's offense level was 43.

Lastly, Alvarado contends that the district court's findings that he was a leader or organizer in the offense and that he possessed a firearm resulted in an increase in his sentence beyond the maximum authorized by the charges in the indictment, in violation of the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). First, we note that Alvarado did not receive an enhancement for possession of a firearm, but rather two levels were added because Alvarado was convicted of money laundering in addition to the drug offense. See USSG § 2S1.1(b)(2)(B). Moreover, Apprendi prohibits the imposition of a sentence beyond the maximum authorized by the statute of conviction, it does not prohibit the consideration of relevant conduct in determining the applicable guideline range. Thus, Alvarado's argument is unavailing.

We find that the district court properly applied the Sentencing Guidelines, determined a reasonable departure amount based on Alvarado's substantial assistance, and considered the relevant sentencing factors before imposing the 315-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); Pearce, 191

F.3d at 493.  Additionally, we find that the sentence imposed was reasonable.  See Hughes, 401 F.3d at 546-47 (holding that sentence must be "within the statutorily prescribed range and . . . reasonable").  Accordingly, we affirm Alvarado's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Alvarado's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED